**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| ADYAR ANANDA BHAVAN, CORP.,<br><br>Plaintiff/Counterclaim Defendant,<br><br>vs.<br><br>HEAVEN SPICE USA LLC et al.,<br><br>Defendants/Counterclaimants. | Case No. 2:19-cv-16879-JMV-JSA<br><br>Motion Day: June 20, 2023 |

DEFENDANTS' BRIEF IN OPPOSITION TO PLAINTIFF'S
MOTION FOR SUMMARY JUDGMENT

LANCIANO & ASSOCIATES, L.L.C.
Larry E. Hardcastle, II, Esq.
2 Route 31 North
Pennington, New Jersey 08534
lhardcastle@lancianolaw.com

Of Counsel and on the Brief:

Larry E. Hardcastle, II

# TABLE OF CONTENTS


**TABLE OF CONTENTS** .......... i

**TABLE OF AUTHORITIES** .......... ii

**INTRODUCTION** .......... 1

**STATEMENT OF FACTS** .......... 2

**LEGAL ARGUMENT** .......... 3

I. **The Court Should Strike All or Some of Plaintiff's Motion for Summary Judgment** .......... 3

a. Plaintiff's Motion Violates Rule 11.1 Because the Attorney Who Signed it is Not Admitted to This Court .......... 3

b. Plaintiff's Motion violates Local Rule 56.1 because it does not include a statement of material facts .......... 4

c. Several of Plaintiff's exhibits are inadmissible and should therefore be disregarded .......... 4

II. **The Law of Summary Judgment** .......... 5

III. **The Court Should Deny the Motion Because Plaintiff Has Not Shown a Likelihood of Confusion** .......... 6

IV. **The Court Should Deny the Plaintiff's Motion Because the Mark Is Subject to Cancellation** .......... 7

V. **Because Plaintiff Has Not Shown Its Entitlement to Summary Judgment on the Infringement Claims, It Cannot Prevail on Its Claims Based On New Jersey Law** .......... 9

VI. **Plaintiff Has Not Shown Its Entitlement to an Accounting** .......... 10

VII. **Defendants' Counterclaims Are Not Subject to Summary Judgment** .......... 11

**CONCLUSION** .......... 12

# TABLE OF AUTHORITIES

## CASES

*Blue Bell, Inc. v. Farah Mfg. Co.*,
508 F.2d 1260 (5th Cir. 1975) .................... 8

*Dunkin Donuts Franchising LLC v. Claudia III, LLC*,
No. 14-2293, 2015 U.S. Dist. LEXIS 90941 (E.D. Pa. July 14, 2015) .................... 5

*Empresa Cubana Del Tabaco v. Culbro Corp.*,
No. 97-8399, 2004 U.S. Dist. LEXIS 4935 (S.D.N.Y. Mar. 26, 2004) .................... 9

*Ford Motor Co. v. Summit Motor Prods.*,
930 F.2d 277 (3d Cir. 1991) .................... 6

*Grupo Gigante SA De CV v. Dallo & Co.*,
391 F.3d 1088 (9th Cir. 2004) .................... 9

*Hobbs v. US Coastal Ins. Co.*,
No. 17-3673, 2017 U.S. Dist. LEXIS 180402 (D.N.J. Oct. 31, 2017) .................... 4

*Int'l Bancorp, LLC v. Societe Des Bains De Mer Et Du Cercle Des Etrangers a Monaco*,
329 F.3d 359 (4th Cir. 2003) .................... 8

*Lucent Info. Mgmt. v. Lucent Techs., Inc.*,
186 F.3d 311 (3d Cir. 1999) .................... 8

*Lupyan v. Corinthian Colls., Inc.*,
761 F.3d 314 (3d Cir. 2014) .................... 5

*Person's Co. v. Christman*,
900 F.2d 1565 (Fed. Cir. 1990) .................... 8

*Scott Paper Co. v. Scott's Liquid Gold, Inc.*,
589 F.2d 1225 (3d Cir. 1978) .................... 6

*Southco, Inc. v. Fivetech Tech. Inc.*,
982 F. Supp. 2d 507 (E.D. Pa. 2013) .................... 5

*Tuccillo v. Geisha NYC, LLC*,
635 F. Supp. 2d 227 (E.D.N.Y. 2009) .................... 8, 11

*Vaudable v. Montmartre, Inc.*,
193 N.Y.S.2d 332 (Sup. Ct. 1959) .................... 9

## RULES

Fed. R. Civ. P. 56(c)(1)(A) .................... 4

Fed. R. Civ. P. 56(c)(2) .......... 4

*Local Civ. R.* 101.1(c) .......... 4

*Local Civ. R.* 11.1 .......... 3, 4

**INTRODUCTION**

Non-party Adyar Ananda Bhavan Private Limited ("AAB India") has grown from selling sweets and snacks from a single stand in Chennai, India to an international company that generates tens of millions of dollars from scores of locations. For nearly twenty years, AAB India has targeted the United States as prime market for expansion. That sensible strategy was driven in part by the fact that the United States is home to a larger share of the Indian diaspora than anywhere else in the world. So, since 2005, AAB India has targeted the United States market by profile-raising sponsorship in affinity groups connected to the diaspora, commendations from state legislatures, and establishing in 2007 Defendant Adyar Ananda Bhavan Sweets & Snacks, Inc. ("AAB New Jersey"). Plaintiff Adyar Ananda Bhavan Corporation duplicitously began using that name, with knowledge of AAB New Jersey's existence, in 2013.

After years of litigation, Plaintiff now moves for summary judgment. But material facts abound. First, Plaintiff does not—and cannot—establish the AAB New Jersey ever purported to license ADYAR ANANDA BHAVAN ("Mark") to Defendants Blue Bell USA, LLC ("Blue Bell") or Heaven Spice USA, LLC ("Heaven Spice," or together with Blue Bell, the "Operating Defendants") for use in connection with restaurant services. To the contrary, the record shows that AAB New Jersey licensed only A2B—a federally-protected mark owned exclusively by AAB New Jersey—to the Operating Defendants. Second, Plaintiff's evidence of confusion is weak, at best, and likely shows confusion with AAB India. Third, the only goods the Operating Defendants sold bearing the Mark were packaged goods. The Mark does not cover goods, and, in any event, AAB India had been selling those goods in the United States *before* Plaintiff began operating. Without establishing those facts, Plaintiff cannot prevail on summary judgment. The Court, therefore, should deny Plaintiff's motion for summary judgment.

## STATEMENT OF FACTS

India-based Adyar Ananda Bhavan Sweets & Snacks Private Limited was founded in 1977 under the name Sri Ananda Bhavan. Initially, it only sold Indian sweets and snacks from two locations. (Defs.' SMOF ¶ 1). By 1988, the company began using the name Adyar Ananda Bhavan, (*id.* at 16:5-12,) which it registered as a trademark in 1992. (*Id.* ¶ 2). By 2004, the company started operating a restaurant called A2B. (*Id.* ¶ 3). From that time, the operation sold sweets and snacks under the name Adyar Ananda Bhavan and provided restaurant services under the name A2B from the same building. (*Id.*). To support its business, it also registered aabsweets.com that year. (*Id.*). By 2005, the company began targeting the United States market by attending the 2005 Snaxpo in Hollywood, Florida. (*Id.* ¶ 4).

Around that time, Senthil Kumar Anandan, husband of Plaintiff's founder began working at an Adyar Ananda Bhavan location in India to learn the business. (*Id.* ¶ 5). Also, Plaintiff's principal dined at the Salem branch of Adyar Ananda Bhavan in 2007 when she visited that area for her wedding. (*Id.* ¶ 6).

Defendant AAB New Jersey was formed in 2007 for the purpose of developing the A2B and Adyar Ananda Bhavan brand in the United States. (*Id.* ¶ 7). From 2007 to 2013, AAB New Jersey. made a concerted effort to develop the A2B and Adyar Ananda Bhavan brand in the United States by, among other things:

a. Joining the Into-American Chamber of Commerce;

b. Being recognized by the State of Connecticut general assembly as a "nationally recognized" brand in India that is preparing "to expand into the United States";

c. Visited stores serving Indian fare;

d. Searching for locations in which a restaurant could be successful;

e. Participating in the India-American Business Promotion Council;

f. Support the Tamil Sangam Association of North America.

(*Id.* ¶ 8(a)-(f)). As a result of those efforts, interested franchisees began seeking to sell the sweets and snacks and operate a restaurant as early as 2010. (*Id.* ¶ 9). Furthermore, the effort resulted in actual sales of the sweets and snacks bearing the Adyar Ananda Bhavan mark no later than October 9, 2013. (*Id.* ¶ 10). Direct sales of sweets and snacks bearing the Adyar Ananda Bhavan mark continued after that date. (*Id.* ¶ 11). Additionally, sweets and snacks bearing the Adyar Ananda Bhavan mark are available in other retail outlets, such as the Patel Brothers chain of stores. (*Id.*).

Plaintiff's principal, Anitha Gounder, had never worked in a restaurant and her father—whom she claimed she relied on for industry experience—had only worked as a waiter for one year twenty-three years before the restaurant opened. (*Id.* ¶ 12). Plaintiff's principal admitted the confusion people suffered was between it and the much larger and more well-known Adyar Ananda Bhavan in India. (*Id.* ¶ 13). Plaintiff's principal's inconsistent under-oath testimony about how the name Adyar Ananda Bhavan was developed suggests she is lying about her knowledge. (*Id.* ¶ 14).

## LEGAL ARGUMENT

### I. The Court Should Strike All or Some of Plaintiff's Motion for Summary Judgment

#### *a. Plaintiff's Motion Violates Rule 11.1 Because the Attorney Who Signed it is Not Admitted to This Court*

Local Rule of Civil Procedure 11.1 requires that "the attorney of Record *who is a member of the bar of this Court* shall sign all papers submitted to the Court or filed with the Clerk." *Local Civ. R.* 11.1 (emphasis added). Thus, an attorney admitted *pro hac vice* may not sign a party's motion for summary judgment. *Hobbs v. US Coastal Ins. Co.*, No. 17-3673, 2017 U.S. Dist.

LEXIS 180402, at *3 (D.N.J. Oct. 31, 2017); *Local Civ. R.* 101.1(c)("Only an attorney at law of this Court may file papers….”). Here, Attorney Eleni Melekon is the only signatory to the Notice of Motion and Brief in Support. Attorney Melekon is not a member of the bar of this Court. Instead, she was admitted *pro hac vice* for this matter. ([DKT. 93]). Paragraph 4 of the order admitting her *pro hac vice* stated she "shall have all . . . briefs and other papers filed with the court *signed by an attorney of record authorized to practice in New Jersey*, who shall be held responsible for them, the conduct of the litigation and the attorney admitted herein." (*Id.* (emphasis added)). The order further notified her that "[n]on-compliance with any of the terms of th[e] order shall constitute grounds for removal." (*Id.*). Based on the foregoing, the Court should strike Plaintiff's Motion for Summary Judgment.

*b. Plaintiff's Motion violates Local Rule 56.1 because it does not include a statement of material facts*

Local Civil Rule 56.1 provides that "[a] motion for summary judgment unaccompanied by a statement of material facts not in dispute *shall* be dismissed." *Local Civ. R.* 56.1(a) (emphasis added). Plaintiff's motion was unaccompanied by a statement of material facts not in dispute. Thus, the Court should dismiss Plaintiff's Motion.

*c. Several of Plaintiff's exhibits are inadmissible and should therefore be disregarded*

Every fact a party relies on in support of a summary judgment motion must be supported by a citation "to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials." Fed. R. Civ. P. 56(c)(1)(A). The non-moving party "may object that the material cited to support or dispute a fact cannot be presented in a form that would be admissible in evidence." Fed. R. Civ. P. 56(c)(2). Several of Plaintiff's exhibits are inadmissible.

Exhibits one through three are inadmissible. Each of the exhibits is a printout from a website. "Internet websites and web postings are . . . typically inadmissible as hearsay." *Southco, Inc. v. Fivetech Tech. Inc.*, 982 F. Supp. 2d 507, 515 (E.D. Pa. 2013) (citing *United States v. Jackson*, 208 F.3d 633, 637-38 (7th Cir. 2000)). "Furthermore, even website evidence admissible under a hearsay exception requires authentication." *Id.* (citing *St. Luke's Cataract & Laser Inst., P.A. v. Sanderson*, No. 06-223, 2006 U.S. Dist. LEXIS 28873, 2006 WL 1320242, at *2 (M.D. Fla. May 12, 2006); *Wady v. Provident Life & Accident Ins. Co. of Am.*, 216 F. Supp. 2d 1060, 1064-65 (C.D. Cal. 2002)). Plaintiff has not authenticated the printouts, so they are inadmissible. Exhibit three is additionally inadmissible because it is a printout of a photo posted to a website, so admitting it would require testimony from the person taking the photo. Thus, the Court should not consider Exhibits one through three or any purported material fact based thereon.

## II. **The Law of Summary Judgment**

"As plaintiffs have the burden of proof at trial, they must produce on a motion for summary judgment, 'evidence satisfying each element of [their] claims and show there is "no genuine dispute as to any material fact that would prevent the court from rendering judgment in the movant's favor."'" *Estate of Lewis v. Cumberland Cty.*, No. 16-3503, 2019 U.S. Dist. LEXIS 220310, at *6 (D.N.J. Dec. 20, 2019) (quoting *Dunkin Donuts Franchising LLC v. Claudia III, LLC*, No. 14-2293, 2015 U.S. Dist. LEXIS 90941, at *1 (E.D. Pa. July 14, 2015) (quoting Moore's Federal Practice § 56.40(1))). "As Moore's Federal Practice puts it, the plaintiff's evidence 'must be so powerful that no reasonable jury would be free to disbelieve it.'" *Dunkin Donuts Franchising LLC v. Claudia III, LLC*, No. 14-2293, 2015 U.S. Dist. LEXIS 90941, at *4 (E.D. Pa. July 14, 2015) (quoting Moore's Federal Practice § 56.40[1][c]). Finally, the Court may not make credibility determinations when presented with conflicting evidence. *Lupyan v. Corinthian Colls., Inc.*, 761 F.3d 314, 322 (3d Cir. 2014).

**III. The Court Should Deny the Motion Because Plaintiff Has Not Shown a Likelihood of Confusion**

Determining likelihood of confusion requires analysis of:

> (1) the degree of similarity between the owner's mark and the alleged infringing mark; (2) the strength of owner's mark; (3) the price of the goods and other factors indicative of the care and attention expected of consumers when making a purchase; (4) the length of time the defendant has used the mark without evidence of actual confusion arising; (5) the intent of the defendant in adopting the mark; (6) the evidence of actual confusion; (7) whether the goods, though not competing, are marketed through the same channels of trade and advertised through the same media; (8) the extent to which the targets of the parties' sales efforts are the same; (9) the relationship of the goods in the minds of the public because of the similarity of function; (10) other facts suggesting that the consuming public might expect the prior owner to manufacture a product in the defendant's market.

*Scott Paper Co. v. Scott's Liquid Gold, Inc.*, 589 F.2d 1225, 1229 (3d Cir. 1978). The degree of similarity between the marks is an essential factor; "'[I]f the overall impression created by marks is essentially the same, 'it is very probable that the marks are confusingly similar.'" *Ford Motor Co. v. Summit Motor Prods.*, 930 F.2d 277, 293 (3d Cir. 1991). Plaintiff has not shown that the overall impression created by the marks is essentially the same. In fact, Defendants' use of the mark differs greatly from Plaintiff's:




(Melekou Cert. ¶ 8, Ex. 7 (showing Operating Defendants used of the words on package goods)).

ADYAR ANANDA BHAVAN
SOUTH INDIAN VEGETARIAN RESTAURANT

(*Id.* ¶ 18, Ex. 17 (showing Plaintiff's mark in connection with the provision of restaurant services)). It is undisputed the only license AAB New Jersey Granted the Operating Defendants for the provision of restaurant services looks nothing like the Mark and, in any event, is owned by AAB New Jersey:

A2B
VEG. RESTAURANT

(*Id.* ¶¶ 14-16, Exs. 13-15). Thus, the record does not establish a likelihood of confusion.

## IV. **The Court Should Deny the Plaintiff's Motion Because the Mark Is Subject to Cancellation**

Courts have held that where evidence demonstrated that registrant failed to disclose other entities using substantially similar names that it was aware of, a finder of fact could infer that the reason for concealing the information was that the registrant knew that others had right to use

mark. *See Tuccillo v. Geisha NYC, LLC*, 635 F. Supp. 2d 227, 242 (E.D.N.Y. 2009) (quoting *Angel Flight of Ga., Inc. v. Angel Flight Am., Inc.,* 522 F.3d 1200, 1211 (11th Cir. 2008)). True, "an inference of bad faith requires something more than mere knowledge of prior use of a similar mark in a foreign country." *Person's Co. v. Christman*, 900 F.2d 1565, 1570 (Fed. Cir. 1990). But that "something more" is present in this case.

*First*, the record shows Defendant AAB New Jersey's concerted effort to advertise its use of Adyar Ananda Bhavan in the U.S. from 2005 to 2013. (Defs.' SMOF ¶¶ 4-8). That activity coupled with AAB India's documented first use in commerce, (*id.* ¶ 10),[1] entitles AAB New Jersey to use of Adyar Ananda Bhavan in connection with the sale of packaged goods. *See Lucent Info. Mgmt. v. Lucent Techs., Inc.*, 186 F.3d 311, 317 (3d Cir. 1999) (citing *Blue Bell, Inc. v. Farah Mfg. Co.*, 508 F.2d 1260 (5th Cir. 1975)). That is so because even a "single use in trade may sustain trademark rights if followed by continuous commercial utilization." *Blue Bell, Inc. v. Farah Mfg. Co.*, 508 F.2d 1260, 1265 (5th Cir. 1975) (citing *Ritz Cycle Car Co. v. Driggs-Seabury Ordnance Corp.*, 237 F. 125 (S.D.N.Y.1916)). The Defendants' activity beginning in 2005 provides the "something more" referenced in *Person's*. *See Int'l Bancorp, LLC v. Societe Des Bains De Mer Et Du Cercle Des Etrangers a Monaco*, 329 F.3d 359, 374 (4th Cir. 2003) (distinguishing *Person's* on that ground).

*Second*, even if those facts were not present, a jury could find Adyar Ananda Bhavan was a famous mark and therefore entitled to protection. "Under the common-law 'well-known' or 'famous marks' doctrine, 'a party with a well-known mark at the time another party starts to use the mark has priority over the party using the mark.'" *Empresa Cubana Del Tabaco v. Culbro*

[1] Although Plaintiff states "[t]he record of this case establishes that Plaintiff made the first use of the 'Adyar Ananda Bhavan' in commerce." (Pl.'s Br. in Supp. p. 12). As set forth above, the record shows AAB India made the first sale in the United States bearing the Mark.

*Corp.*, No. 97-8399, 2004 U.S. Dist. LEXIS 4935, at *89 (S.D.N.Y. Mar. 26, 2004) (quoting *Emmpresa Cubana Del Tabaco v. Culbro Corp.*, 213 F. Supp. 2d 247, 286 (S.D.N.Y. 2002); citing 4 McCarthy at 29:4; 3 Rudolf Callman, The Law of Unfair Competition, Trademarks and Monopolies (4th ed.) § 20:26 at 20-170-73). Given the six years of deliberate effort by AAB New Jersey directed at raising the company's profile, which resulted in recognition from the Connecticut general assembly, (Def.'s SOMF ¶ 8(b), the fact finder could conclude Adyar Ananda Bhavan is a famous mark that warrants protection.

*Third*, as a matter of policy "[t]here can be no justification for using trademark law to fool immigrants into thinking that they are buying from the store they liked back home." *Grupo Gigante SA De CV v. Dallo & Co.*, 391 F.3d 1088, 1094 (9th Cir. 2004). In the specific context of a restaurant, "[a] wrongful attempt to suggest an association or connection of some sort is sufficient to warrant relief to prevent confusion in the public mind as well as dilution of plaintiffs' trade name." *Vaudable v. Montmartre, Inc.*, 193 N.Y.S.2d 332, 335 (Sup. Ct. 1959). The record evidence shows the India-based user of the Adyar Ananda Bhavan is a large and well-known company that has nearly $100 million dollars of sales world-wide and 10,000 employees. The record suggests Plaintiff's principal had actual knowledge of the India-based company and simply attempted to trick unsuspecting consumers into thinking it was the real Adyar Ananda Bhavan.

## V. Because Plaintiff Has Not Shown Its Entitlement to Summary Judgment on the Infringement Claims, It Cannot Prevail on Its Claims Based On New Jersey Law

Plaintiff argues it must show it can prevail on the Lanham Act claims to prevail on its claims based on New Jersey law. (Pl.'s Br. in Supp. p. 21). As discussed above, Plaintiff cannot prevail on its Lanham Act claims, so it cannot prevail on the claims based on New Jersey law.

## VI. Plaintiff Has Not Shown Its Entitlement to an Accounting

Plaintiff identifies the three disjunctive purposes that justify an accounting. It relies only on its apparent need to "deter infringement." It states, "Defendants continue to grant licenses and receive royalties regarding the use of the 'Adyar Ananda Bhavan' mark." (Pl.'s Br. in Supp. p. 24). But there is one main problem with that argument.

Plaintiff has demonstrated no Defendant has licensed the use of the Mark in connection with the provision of restaurant services, never mind all of them. Nor could it. It is undisputed on this record that only one entity—AAB New Jersey—has the ability to license any of the India-based company's IP. And that entity has only ever licensed the use of A2B, a mark it indisputably owns. While it is true the Operating Defendants previously displayed the Adyar Ananda Bhavan mark to advertise its sale of sweets and snacks, it is also undisputed Defendants stopped its use of that mark years ago. Plaintiff admits the one restaurant that still uses the Mark is not doing so under a license from AAB New Jersey. And because the India-based company has priority for use of Adyar Ananda Bhavan in connection with the sale of sweets and snacks, those sales would not be actionable anyway. Plaintiff repeats that looseness with the facts numerous times.

Repeatedly Plaintiff predicates purportedly undisputed facts on dubious foundations. For example, Plaintiff states "[o]n March 16, 2017, Defendant ADYAR ANANDA BHAVAN SWEETS & SNACKS, Inc. and Defendant Heaven Spice entered into a license agreement for the use of AAB India's marks including the mark 'Adyar Ananda Bhavan' with respect to restaurant operations." (SOMF ¶ 25). That assertion is directly contradicted by the document on which Plaintiff relies, which shows that A2B is the only mark licensed. Similarly, Plaintiff transforms the Operating Defendants' *explicit* denials that they operate restaurants using the Mark into *support* for its statement that they do so. (*Compare* SOMF ¶¶ 6, 8 (alleging Defendants operate a restaurant using the Mark) *with* Ans. ¶¶ 2, 4 (denying they operate

restaurants using the Mark)). Finally, Plaintiff states in its brief that it is "irrefutable" that when Plaintiff applied for trademark registration, AAB India did not have a trademark for Adyar Ananda Bhavan in India. (Pl.'s Br. in Supp. p. 12). But the testimony before the Court states AAB India has owned Adyar Ananda Bhavan in India since the nineties. *(*Defs.' SMOF ¶ 2).

VII. **Defendants' Counterclaims Are Not Subject to Summary Judgment**

Defendants have shown by clear and convincing evidence that Plaintiff made false statements in connection with its application. First, the record shows Plaintiff knew of Defendants' mark. So when it said it knew of no other party who had a right to use the mark, a finder of fact could infer that the reason for concealing the information was Plaintiff knew Defendants had the right to use mark. *See Tuccillo v. Geisha NYC, LLC*, 635 F. Supp. 2d 227, 242 (E.D.N.Y. 2009) (quoting *Angel Flight of Ga., Inc. v. Angel Flight Am., Inc.,* 522 F.3d 1200, 1211 (11th Cir. 2008)). In any event, had it done any level of due diligence it would have learned of AAB New Jersey, which was incorporated *six years* before Plaintiff started its business. Finally, Plaintiff's application stated its first use was October 2013. That means for priority purposes, the first use is presumed to be October 31, 2013. *See* https://www.uspto.gov /trademarks/laws/dates-use-1 (last accessed June 16, 2023). The record shows the first sale of Adyar-Ananda-Bhavan-labeled goods was October 9, 2013. Thus, Plaintiff's first use of the mark came after the Defendants' first use. Finally, the record evidence from 2006 to 2013 shows Defendant Adyar Ananda Bhavan Sweets & Snacks, Inc. engaged in significant and sustained efforts to raise Adyar Ananda Bhavan's profile, which included citations from a governmental body, inquiries from potential franchisees, and goodwill developed by donations and other activity.

**CONCLUSION**

For all the foregoing reasons, Defendants respectfully request that the Court deny Plaintiff's Motion for Partial Summary Judgment.

Respectfully submitted,
LANCIANO & ASSOCIATES, LLC

By: s/ Larry E. Hardcastle
Larry E. Hardcastle, II, Esq.

Dated: June 20, 2023