**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| ADYAR ANANDA BHAVAN, CORP.,<br><br>Plaintiff/Counterclaim Defendant,<br><br>vs.<br><br>HEAVEN SPICE USA LLC et al.,<br><br>Defendants/Counterclaimants. | Civil Action No. 2:19-cv-16879 (JMV)(JSA)<br><br>**DEFENDANTS' RESPONSE AND COUNTERSTATEMENT TO PLAINTIFF'S STATEMENT OF MATERIAL FACTS** |

## DEFENDANTS' ANSWER TO PLAINTIFF'S STATEMENT OF MATERIAL FACTS

1. Admitted.

2. Admitted.

3. Denied. The allegation in Paragraph 17 states Plaintiff operates a restaurant in New York City offers exclusively vegetarian cuisine "of South Indian origin." Am. Compl. ¶ 17. There is no assertion that Plaintiff offers cuisine of North Indian origin, vegetarian or otherwise. Furthermore, Plaintiff does not allege it offers "desserts and sweets." *Id.*

4. Admitted. By way of further answer, the priority date is deemed to be October 31, 2013. *See* AABC0000005.

5. Admitted.

6. Denied. The cited Paragraph reads "It is admitted that Blue Bell is a New Jersey limited liability company. The remainder of the allegation is denied. Consistent with the Global Brand's operation, Blue Bell operates a vegetarian restaurant under the name 'A2B' and a sweets shop under the name 'Adyar Ananda Bhavan Sweets and Snacks.'" Ans. ¶ 2; *see also* HEAVEN SPICE 000110-000122 (noting at Article 2.1 (HEAVEN SPICE 000111) that the license is for

the mark attached as Appendix A (HEAVEN SPICE 000121), which only identifies the A2B Mark).

7. Admitted.

8. Denied. The cited passage states "Consistent with the Global Brand's operation, Blue Bell operates a vegetarian restaurant under the name 'A2B,' as the sublicensee of the Global Brand, which holds a valid and subsisting trademark for the operation of a restaurant under the name 'A2B,' which mark bears registration number 5,483,049 (the 'A2B Mark')." Ans. ¶ 3; *see also* HEAVEN SPICE 000097-000109 (noting in Article 2.1 (HEAVEN SPICE 000098) that the license is the mark attached as Appendix A (HEAVEN SPICE 000108), which only identifies the A2B Mark).

9. Admitted.

10. Admitted.

11. Admitted.

12. Admitted.

**Plaintiff's Mark**

**AABC's Domain Name**

13. Admitted.

14. Admitted.

**AABC's Federally Registered Mark**

15. Admitted.

16. Admitted.

17. Admitted.

18. Admitted.

19. Admitted.

20. Defendant is without information sufficient to admit or deny the allegation and the record citation does not prove its truth.

**Defendants' Applications and Registrations with the USPTO**

21. Admitted.

22. Admitted.

23. Admitted.

24. Admitted.

**Defendants' Infringing Activities**

**The Infringing Use of Plaintiff's Marks in Connection with Defendants' Restaurants.**

**Heaven Spice**

25. Denied. *See* HEAVEN SPICE 000097-000109 (noting in Article 2.1 (HEAVEN SPICE 000098) that the license is the mark attached as Appendix A (HEAVEN SPICE 000108), which only identifies the A2B Mark).

26. Denied. That is when the license agreement was signed. *See* February 10, 2022 Deposition of Lokeshwaran Srikumar ("Srikumar Dep.") 22:3-5; HEAVEN SPICE 000097.

27. Denied insofar as Plaintiff mischaracterizes Srikumar's testimony. His testimony was where he comes "from in India A2B and Adyar Ananda Bhavan are like synonymous." Srikumar Dep. 27:10-12. He also testified "…A2B is not just like a nickname. A2B is our brand like for the restaurant operations of the package." *Id.* at 29:10-13. Finally, it is not clear the confusion was with Plaintiff. Srikumar testified that "one of our customers or somebody had just posted that the chicken tikka masala was bad or something like that…." *Id.* at 51:10-13. But Plaintiff

offers "exclusively vegetarian cuisine…," SOMF ¶ 3, so the confusion could not have been between Plaintiff's and Defendants' brands.

28. Admitted.

29. Admitted.

30. Admitted.

**Blue Bell**

31. Denied. *See* HEAVEN SPICE 000110-000122 (noting at Article 2.1 (HEAVEN SPICE 000111) that the license is for the mark attached as Appendix A (HEAVEN SPICE 000121), which only identifies the A2B Mark).

32. Denied. The quoted passage states the agreement to which the witness was referencing was dated January 30, 2019. *See also* HEAVEN SPICE 000110.

33. Admitted.

34. Denied. The testimony was as follows:

Q. In the Blue Bell restaurant, did it also formerly say Adyar Ananda Bhavan?

A. On the sign packet, yes.

35. Denied. As an initial matter, Mr. Balamurugan Raja was not a representative of Blue Bell. Instead, he was a representative of Adyar Ananda Bhavan Sweets & Snacks, Inc., a New Jersey corporation that was registered in 2007. Deposition of Balamurugan Raja ("Balamurugan Dep.") 9:1-5 (noting that he has been working fulltime for Adyar Ananda Bhavan Sweets & Snacks, Inc. since 2017). Additionally, the confusion is between the Plaintiff and the India-based brand *Compare* 39:1-9 (discussing confusion between Plaintiff and the "brand-name") *with* 35:9-17 (referring to the "brand-name" that "everybody knows about" as the India-based brand).

**Other Locations**

36. Admitted. By way of further answer, the Princeton location has never used the ADYAR ANANDA BHAVAN mark. Srikumar Dep. 22:3-5 55:24-56:4.

37. Admitted.

38. Admitted.

39. Admitted.

40. Admitted.

41. Admitted.

42. Admitted. By way of further answer, there is no evidence Adyar Ananda Bhavan Sweet & Snacks, Inc. licensed the use of the ADYAR ANANDA BHAVAN mark.

43. Admitted.

44. Admitted.

45. Denied.

46. Defendants are without information sufficient to admit or deny the allegation contained herein, as Plaintiff has not made reference to documents of record. A review of the website for the referenced entity, however, seems to show use only of the A2B mark.

47. Denied. The cited reference is to an advertisement by the India-based owner of the Adyar Ananda Bhavan mark, as made clear by the reference to the "50th Anniversary Golden Jubilee 2020!" HEAVEN SPICE 000096. The oldest defendant in this Action was incorporated in 2007, Balamurugan Dep. 10:22-25, so the advertisement could not have been any Defendant.

48. Denied. The cited reference is to an advertisement by the India-based owner of the Adyar Ananda Bhavan mark, as made clear by the reference to the "50th Anniversary Golden Jubilee

2020!" HEAVEN SPICE 000096. The oldest defendant in this Action was incorporated in 2007, Balamurugan Dep. 10:22-25, so the advertisement could not have been any Defendant.

49. Denied. The cited reference is to an advertisement by the India-based owner of the Adyar Ananda Bhavan mark, as made clear by the reference to the "50th Anniversary Golden Jubilee 2020!" HEAVEN SPICE 000096. The oldest defendant in this Action was incorporated in 2007, Balamurugan Dep. 10:22-25, so the advertisement could not have been any Defendant.

**Instances of Consumer Confusion**

50. Admitted. Confusion between Plaintiff and the India-based company, however, is not actionable against Defendants. And, in any event, that confusion supports Defendants' assertion that Plaintiff attempted to use the India-based company's notoriety to burnish its own reputation.

51. Admitted. Confusion between Plaintiff and the India-based company, however, is not actionable against Defendants. And, in any event, that confusion supports Defendants' assertion that Plaintiff attempted to use the India-based company's notoriety to burnish its own reputation.

**Defendants' Infringing Use of Plaintiff's Mark in Connection with Indian Sweets and Snacks**

52. Admitted. By way of further answer, the India-based company and Adyar Ananda Bhavan Sweets & Snacks, Inc. has priority in connection with the sale of packaged sweets and snacks, as their first demonstrated sale was in October 9, 2013. HEAVEN SPICE 000175-76.

53. Admitted.

54. Denied. None of the items listed in the cited referenced discovery matches any of the listed items. And, in any event, the India-based company has priority in connection with the sale of packaged sweets and snacks. HEAVEN SPICE 000175-76.

**<u>The Indian Company's Lack of Continuous Business Activities and Trademark Registration in the United States</u>**

55. Admitted.

56. Admitted.

57. Admitted.

58. Admitted. By way of further answer, the India-based company has priority in connection with the sale of packaged sweets and snacks. HEAVEN SPICE 000175-76.

59. Denied. Defendant Adyar Ananda Bhavan Sweets & Snacks, Inc. was licensed to use the India-based company's marks in connection with the provision of restaurant services and the sale of packaged sweets and snacks upon its founding in 2007. Balamurugan Dep. 11:1-13:18.

60. Denied. *See* HEAVEN SPICE 000033-35; 125; Srinivasa Dep. 82:4-19.

61. Denied. *See* HEAVEN SPICE 000175-76.

62. Denied. *See* Balamurugan Dep. 11:1-13-18; HEAVEN SPICE 000001-3; 5; 17-26; 30-48.

63. Admitted.

**<u>S. Anandhan Cannot Confirm His Alleged Employment with AAB India</u>**

64. Admitted.

65. Admitted.

66. It is admitted there are witnesses to Anandan's working at the Salem branch of the India-based company in 2006 for about eight months. Deposition of KT Srinivasa Raja ("Srinivasa Dep.") 38:21-40:23. To the extent this allegation implies otherwise, it is denied.

**DEFENDANTS' COUNTERSTATEMENT OF MATERIAL FACTS**

**A. The India-Based Company's Background and Plaintiff's Principal's Knowledge Thereof**

1. India-based Adyar Ananda Bhavan Sweets & Snacks Private Limited was founded in 1977 under the name Sri Ananda Bhavan. Srinivasa Dep. 9:8-17. Initially, it only sold Indian sweets and snacks from two locations. *Id.* at 10:2-8.

2. By 1988, the company began using the name Adyar Ananda Bhavan, *id.* at 16:5-12, which it registered as a trademark in 1992, *id.* at 17:6-18.

3. By 2004, the company started operating a restaurant called A2B. *Id.* at 17:23-18:11. From that time, the operation sold sweets and snacks under the name Adyar Ananda Bhavan and provided restaurant services under the name A2B from the same building. *Id.* at 18:12-23. To support its business, it also registered aabsweets.com that year. HEAVEN SPICE 000090.

4. By 2005, the company began targeting the United States market by attending the 2005 Snaxpo in Hollywood, Florida. HEAVEN SPICE 000001-5.

5. Meanwhile, in India, Senthil Kumar Anandan, husband of Plaintiff's founder, Deposition of Senthil Kumar Anandan ("Anandan Dep.") 8:8-10, began working at an Adyar Ananda Bhavan location to learn the business, *id.* at 33:11-14.

6. Also, Plaintiff's principal dined at the Salem branch of Adyar Ananda Bhavan in 2007 when she visited that area for her wedding. *Id.* at 69:13-19.

**B. <u>Adyar Ananda Bhavan Sweets & Snacks, Inc. Begins Operating in 2007</u>**

7. Defendant Adyar Ananda Bhavan Sweets & Snacks, Inc. was formed in 2007 for the purpose of developing the A2B and Adyar Ananda Bhavan brand in the United States. HEAVEN SPICE 000028-29.

8. From 2007 to 2013, Adyar Ananda Bhavan Sweets & Snacks, Inc. made a concerted effort to develop the A2B and Adyar Ananda Bhavan brand in the United States by, among other things:

a. Joining the Into-American Chamber of Commerce, HEAVEN SPICE 000031;

b. Being recognized by the State of Connecticut general assembly as a “nationally recognized” brand in India that is preparing “to expand into the United States.” HEAVEN SPICE 000032;

c. Visited stores serving Indian fare, Balamurugan Dep. 11:11-17;

d. Searching for locations in which a restaurant could be successful, *Id.* at 11:18-21; 12:9-14; HEAVEN SPICE 000017;

e. Participating in the India-American Business Promotion Council, HEAVEN SPICE 000025;

f. Support the Tamil Sangam Association of North America, *id.* at 12:15-18.

9. As a result of those efforts, interested franchisees began seeking to sell the sweets and snacks and operate a restaurant as early as 2010. *E.g.*, HEAVEN SPICE 000018-22.

10. Furthermore, the effort resulted in actual sales of the sweets and snacks bearing the Adyar Ananda Bhavan mark no later than October 9, 2013. HEAVEN SPICE 000175-76.

11. Direct sales of sweets and snacks bearing the Adyar Ananda Bhavan mark continued after that date. *E.g.*, HEAVEN SPICE 000033-35; 125. Additionally, sweets and snacks bearing the Adyar Ananda Bhavan mark are available in other retail outlets, such as the Patel Brothers chain of stores. Srinivasa Dep. 82:4-19.

**C. Plaintiff's Lack of Experience in the Restaurant Industry and Knowledge of**

12. Plaintiff's principal, Anitha Gounder, had never worked in a restaurant, Deposition of Anitha Gounder ("Gounder Dep.") 8:3-25, and her father—whom she claimed she relied on for industry experience—had only worked as a waiter for one year twenty-three years before the restaurant opened, Deposition of Raju Perumal ("Perumal Dep.") 13:4-8.

13. Plaintiff's principal admitted the confusion people suffered was between it and the much larger and more well-known Adyar Ananda Bhavan in India. Gounder Dep. 106:3-11.

14. Plaintiff's principal's inconsistent under-oath testimony about how the name Adyar Ananda Bhavan was developed suggests she is lying about her knowledge. *Compare* Gounder Dep. 59:20-60:15 (stating she came up with the name Adyar Ananda Bhavan at a June 2013 meeting at which only she, her mother and father were at) *with* Gounder Dep. 106:12-107:11 (admitting Plaintiff's interrogatory responses did not identify her father as contributing to the development of the name).

Dated: June 20, 2023

Respectfully submitted,

By: /s/ Larry E. Hardcastle, II

Larry E. Hardcastle, II
Lanciano & Associates, LLC
2 Route 31 North
Pennington, New Jersey 08534
(609) 452-7100
lhardcastle@lancianolaw.com
*Counsel for Defendant-Counterclaimants*