```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
```

| | |
|---|---|
| Adyar Ananda Bhavan Corp., <br><br> *Plaintiff*, <br><br> v. <br><br> Heaven Spice USA LLC, et al., <br><br> *Defendants*. | Civil Action No. 19-16879 (MEF)(JSA) <br><br> **OPINION and ORDER** |

For the purposes of this brief Opinion and Order, the Court assumes full familiarity with the evidence and procedural history of this case.

                         \*   \*   \*

The Plaintiff has moved for summary judgement on its claims for trademark infringement, false designation of origin, unfair competition, and various forms of relief.  See Docket Entry 101. Additionally, the Plaintiff has moved for summary judgment on three of the Defendants' counterclaims.

The Court begins and ends its analysis with the Plaintiff's claim for trademark infringement.

                         \*   \*   \*

To state a claim for trademark infringement under the Lanham Act, the Plaintiff must demonstrate it owns a "valid and legally protectable mark" and "a defendant's use of a similar mark for its goods causes a likelihood of confusion." Arrow Point Cap. Corp. v. Arrowhead Asset Mgmt., LLC, 793 F.3d 313, 319 (3d Cir. 2015) (cleaned up).

"A likelihood of confusion exists when consumers viewing the mark would probably assume that the product or service it represents is associated with the source of a different product

or service identified by a similar mark." Freedom Card, Inc. v. JP Morgan Chase & Co., 432 F.3d 463, 470 (3d Cir. 2005).

In determining if there is a likelihood of confusion in a trademark action, Courts look to ten factors which are often referred to as the Lapp factors. See id. They are:

> (1) the degree of similarity between the owner's mark and the alleged infringing mark; (2) the strength of the owner's mark; (3) the price of the goods and other factors indicative of the care and attention expected of consumers when making a purchase; (4) the length of time the defendant has used the mark without evidence of actual confusion arising; (5) the intent of the defendant in adopting the mark; (6) the evidence of actual confusion; (7) whether the goods, though not competing, are marketed through the same channels of trade and advertised through the same media; (8) the extent to which the targets of the parties' sales efforts are the same; (9) the relationship of the goods in the minds of consumers because of the similarity of function; (10) other factors suggesting that the consuming public might expect the prior owner to manufacture a product in the defendant's market, or that he is likely to expand into that market.

Id. at 471; see generally Interpace Corp. v. Lapp, Inc., 721 F.2d 460, 463 (3d Cir. 1983).

The Plaintiff provides analysis and directs the Court to record evidence for two of the ten factors --- similarity of the marks and evidence of actual confusion. See Motion for Summary Judgment at 18-19.

The Plaintiff suggests that focusing on just these two factors is sufficient because "if the trademark owner and the alleged infringer deal in competing goods or services, the court need rarely look beyond the mark itself," and similarity of the marks is the most important factor. Id. at 18.

But that is not the law. The Court must apply the Lapp factors even if the goods in question directly compete with each other. See Freedom Card, Inc., 432 F.3d at 470 ("Where goods that were the subject of a trademark infringement action directly competed with each other, we originally held that a court need rarely look beyond the mark itself to determine likelihood of confusion. However, we have since held that the Lapp factors

2

should be used for both competing and non-competing goods.") (cleaned up).

While the Court need not use every Lapp factor in every case and may use only those Lapp factors that "seem appropriate to a given situation," the Third Circuit has instructed district courts in this circuit to "explain the reason for not using [certain] factors." Id. at 471, 471 n.16.

But because the Plaintiff does not muster evidence or argument as to eight of the Lapp factors, the Court is left unable to meaningfully determine which Lapp factors are important in this case (and certainly would not be able to "explain the reason" certain factors are not being analyzed as part of the mix).

In short, the Court cannot determine whether there is a genuine issue of material fact as to the likelihood of confusion without being provided with either (a) a full analysis of the record evidence that relates to each of the ten Lapp factors or (b) a complete explanation as to why a given Lapp factor should not be considered here.[1]

\*   \*   \*

In light of this, the motion for summary judgment is denied without prejudice.

The Plaintiff may refile its motion, which shall include a full analysis, with evidence and argument, as to each of the ten Lapp factors (or an explanation as to why a particular Lapp factor should not be considered).

The parties shall submit a joint letter, of no more than one page, proposing an expedited briefing schedule.  The letter shall be filed on or before July 26.

---

[1] The other claims in this case all appear to turn, to some extent, on the same analysis as the trademark infringement claim.  See, e.g., Motion for Summary Judgement at 19, 21. Assessing those claims would therefore seem to require the same likelihood of confusion analysis as the claim discussed in the text.

3

It is on this 22nd day of July, 2024 **SO ORDERED.**

_____
Michael E. Farbiarz, U.S.D.J.