UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| ADYAR ANANDA BHAVAN, CORP., <br><br> Plaintiff/Counterclaim Defendant, <br><br> v. <br><br> HEAVEN SPICE USA LLC et al., <br><br> Defendants/Counterclaimants. | Civil Action No. 2:19-cv-16879-JMV-JSA |

**DEFENDANTS' LETTER BRIEF IN RESPONSE TO COURT'S ORDER REGARDING NEW ARGUMENT RAISED IN PLAINTIFF'S REPLY BRIEF**

Pursuant to the Court's Order of September 12, 2025 (D.I. 133), Defendants Heaven Spice USA LLC ("Heaven Spice"), Blue Bell USA, LLC ("Blue Bell"), and Adyar Ananda Bhavan Sweets & Snacks, Inc. ("AABSS") (collectively "Defendants" or "Counterclaimants"), by and through undersigned counsel, respectfully respond to the Court's request to address the new preclusion argument raised for the first time in Plaintiff Adyar Ananda Bhavan, Corp.'s ("Plaintiff" or "Counterdefendant") Memorandum of Law in Reply and Further Support of Its Motion for Summary Judgment (D.I. 131, "Reply"). As this Court does not consider new arguments raised for the first time in a reply brief, the Court should disregard Plaintiff's preclusion argument for purposes of ruling on the pending motion for summary judgment.

It is well-settled law in the Third Circuit and in this Court that new arguments cannot be raised in the first instance in a reply brief. *See Anspach v. City of Phila.*, 503 F.3d 256, 258 n.1 (3d Cir. 2007) ("Absent compelling circumstances not present here, failure to raise an argument in one's opening brief waives it.") (*citing Laborers' Int'l Union v. Foster Wheeler Corp.*, 26 F.3d 375, 398 (3d Cir. 1994) ("An issue is waived unless a party raises it in its opening brief.")); *Cobra Enters., LLC v. All Phase Servs.*, No. 20-4750 (SRC), 2020 U.S. Dist. LEXIS 96033, at *3 (D.N.J. June 1, 2020) ("As a matter of procedure, this Court will not accept arguments offered for the first time in the reply brief, as they were not properly asserted in the opening brief and Plaintiffs have not had the opportunity to respond to them."); *Bristol-Meyers Squibb Co. v. Dr. Reddy's Labs., Ltd.*, No. 19-18686 (MAS) (TJB), 2021 U.S. Dist. LEXIS 87155, at *6-7 (D.N.J. May 6, 2021) (granting plaintiff's motion to strike as defendant impermissibly raised new arguments for the first time in its reply brief).

Failure to raise an issue in an opening brief results in waiver of that argument. *See Skretvedt v. E.I. Dupont de Nemours*, 372 F.3d 193, 202-03 (3d Cir. 2004) ("We have held on numerous

1

occasions that 'an issue is waived unless a party raises it in its opening brief, and for those purposes a passing reference to an issue will not suffice to bring that issue before this court.'" (quoting *Laborers' Int'l Union v. Foster Wheeler Corp.*, 26 F.3d 375, 398 (3d Cir. 1994)); *Tse v. Ventana Med. Sys.*, 297 F.3d 210, 225 n.6 (3d Cir. 2002) ("Our jurisprudence makes clear that 'an issue is waived unless a party raises it in its opening brief.' … The plaintiffs failed to raise a claim based on [a statute] in their opening [brief] and they may not rely on it now." (quoting *Reform Party of Allegheny Cty. v. Allegheny Cty. Dep't of Elections*, 174 F.3d 305, 316 n.11 (3d Cir. 1999)).

When arguments and materials are raised for the first time in a reply brief, the court shall not consider such new arguments in rendering its decision on the motion. *See, e.g.*, *In re Coinbase Glob., Inc. Sec. Litig.*, No. 2:22-cv-04915 (BRM) (LDW), 2024 U.S. Dist. LEXIS 160023, at *44 n.20 (D.N.J. Sep. 5, 2024) ("The Court did not consider these arguments because Defendants improperly raised them for the first time in their reply brief."); *Beamen v. Bank of Am., N.A.*, No. 2:21-cv-20561 (BRM) (LDW), 2024 U.S. Dist. LEXIS 114248, at *79 n.18 (D.N.J. June 28, 2024) ("The Court will not consider these arguments as they are new arguments which [defendant] cannot raise for the first time in a reply brief."); *Hotaling & Co., LLC v. LY Berditchev Corp.*, No. 20-cv-16366, 2022 U.S. Dist. LEXIS 70556, at *15 n.8 (D.N.J. Apr. 18, 2022) ("[B]ecause Plaintiffs did not raise these arguments in their opening brief, the Court declines to consider them."); *Wilson v. Parker*, No. 18-2954-BRM-DEA, 2018 U.S. Dist. LEXIS 214050, at *14 (D.N.J. Dec. 20, 2018) ("This is a new argument which Defendants' cannot raise for the first time in a reply."); *GE Cap. Corp. v. Oncology Assocs. of Ocean Cty. LLC*, No. 09-7497, 2011 U.S. Dist. LEXIS 14202, at *5 (D.N.J. Dec. 12, 2011) ("It is axiomatic in federal practice that arguments raised for the first time in a reply brief should be disregarded.").

This Court does not permit the filing of sur-reply briefs, and thus the only appropriate remedy is to disregard or strike such new arguments. *See* D.N.J. L. Civ. R. 7.1(d)(6); *Bayer AG v. Schein Pharm.*, 129 F. Supp. 2d 705, 716 (D.N.J. Feb. 9, 2001) ("[B]ecause the local rules do not permit sur-reply briefs, *see* L. Civ. R. 7.1(d), a party opposing summary judgment has no opportunity to respond to newly minted arguments contained in reply briefs."); *Dana Transp., Inc. v. Ableco Fin., LLC*, No. 04-2781, 2005 U.S. Dist. LEXIS 18086, at *16 ("The Court notes that in its reply brief, defendant breaks a cardinal rule of motion practice by raising an argument … that it failed to raise in its moving papers. … Because the local rules do not permit sur-reply briefs, the non-moving party cannot respond to newly minted arguments contained in reply briefs. … The arguments raised for the first time in defendant's reply brief will be disregarded for purposes of this motion.").

In the present matter, Plaintiff raises for the first time in its Reply the issue of alleged preclusion based on a decision that issued in a prior Trademark Trial and Appeal Board ("TTAB") proceeding. Plaintiff wholly failed to assert this argument in its opening brief in support of its motion for summary judgment. As noted in Plaintiff's Reply, this TTAB decision issued in July 2023, well over a year before Plaintiff filed its motion for summary judgment. *See* Reply at 1, 3. As this TTAB decision was known and available to Plaintiff at the time that it filed the instant motion, this argument could have and should have been included in its opening brief. As Plaintiff failed to timely raise this issue in its original motion, Plaintiff has waived this new preclusion argument, and the Court should properly disregard it in rendering a decision on Plaintiff's motion for summary judgment. Based on the foregoing, Defendants respectfully request that the Court disregard any and all of Plaintiff's newly raised arguments in its Reply and deny Plaintiff's motion for summary judgment based on those arguments properly before the Court.

|  |  |
|---|---|
| DATED:  October 3, 2025 | Respectfully submitted, |
|  | */s/ Francis X. Nolan, IV* |
|  | Francis X. Nolan, IV |
|  | **Eversheds Sutherland (US) LLP** |
|  | 1114 Avenue of the Americas |
|  | The Grace Building, 40th Floor |
|  | New York, New York 10036 |
|  | Telephone: (212) 389-5083 |
|  | Facsimile: (212) 398-5099 |
|  | franknolan@eversheds-sutherland.com |
|  | Pete G. Pappas, *pro hac vice* |
|  | petepappas@eversheds-sutherland.us |
|  | Umar Bakhsh, *pro hac vice* |
|  | umarbahksh@eversheds-sutherland.us |
|  | 999 Peachtree St. NE, Suite 2300 |
|  | Atlanta, GA 30309 |
|  | Telephone: (404) 853-8000 |
|  | Facsimile: (404) 853-8806 |
|  | *Counsel for Defendants/Counterclaimants* |

## CERTIFICATE OF SERVICE

I hereby certify that on October 3, 2025, the foregoing was filed electronically with the Clerk of the Court to be served by operation of the Court's electronic case filing system upon all participants in the Court's electronic case filing system.

                                          */s/ Francis X. Nolan, IV*
                                          Francis X. Nolan, IV